## STATE v. BROWN.

(December 4, 1900.)

1. *Grand Jury—Quashing Indictment—Terms of Superior Court—Criminal Law.*

   Acts 1899, chap. 593, providing for an extra term of the Superior Court without a grand jury, is constitutional.

2. *Grand Jury—Quashing Indictment—Terms of Superior Court—Criminal Law.*

   Quashal of an indictment returned by a grand jury at an extra term of the Superior Court, held proper, where the statute providing for an extra term makes no provision for a grand jury.

CLARK, J., concurs in the result.

INDICTMENT against Everett Brown, heard by Judge *W. B. Council,* at Special (November) Term, 1900, of CATAWBA Superior Court.

Defendant, in apt time, moved to quash the indictment upon the ground that, under said act authorizing the said term of court, there should be "no grand jury summoned at this term of the Court." Acts 1899, chap. 593, sec. 2. The Court sustained the motion and quashed the bill, and the Solicitor for the State appealed.

*Robert D. Douglas,* Attorney-General, for the State.
*E. B. Cline, W. A. Self,* and *J. T. Perkins,* for the defendant.

FURCHES, J. The defendant was indicted for carrying a concealed weapon, upon a bill found at a term of CATAWBA Superior Court, begun and held on the fifteenth Monday after the first Monday in August, 1900; and the "case on appeal"

states that the defendant had been arrested on a warrant issued by a Justice of the Peace, and in default of bail had been imprisoned, and was in jail at the time of finding the bill of indictment, and is still in custody; that, upon the bill being returned "A true bill," the defendant moved to quash the same for want of jurisdiction. The motion was sustained, the bill quashed, and the Solicitor appealed.

On the argument, it was contended that the appeal presented two questions: The constitutionality of the Act of 1899, providing that there should be no grand jury at this term of the Court; and, secondly, the construction of the act, as to whether it prohibited the drawing and use of a grand jury at that term. The "case" states that the Solicitor for the Tenth Judicial District (Catawba being one of the counties composing that district), had demanded of the commissioners that they draw and summon a grand jury for that term, and under this demand they had done so. We suppose the Solicitor, in making this demand, thought his action was authorized under the opinion in *Mott v. Board,* 126 N. C., 866, and that it was the duty of the commissioners to draw and summon this grand jury. But this question was neither presented, nor decided in that case. There the act stripped the Superior Court of Forsyth County of all criminal jurisdiction. This was held to be unconstitutional, as it took from that court all criminal jurisdiction. The argument in that case was rested upon the ground that the Superior Courts were made constitutional courts by adoption; that their jurisdiction was not defined by the Constitution, but that they were adopted with the jurisdiction they had at the time of their adoption; and that the Constitution required that at least two terms of these courts should be held in each county every year. As a matter of judicial history, we know that for a long time after the State was divided into judicial dis-

tricts, or "circuits," as they were called before the Constitution of 1868, only two terms were held in each year, called "spring" and "fall" terms. Until then but very few counties had more than two terms a year, and those that had more were exceptions to the general rule. The Constitution of 1868, in recognition of this general rule, required that at least two terms of the Superior Court should be held in each county in the State every year. Const., Art. IV., sec. 12. These are constitutional terms of the Superior Court; that is, they are terms required by the Constitution to be held "at least twice each year," and can not be deprived of their constitutional functions. They can not be deprived of their grand juries. But if the Legislature establishes other terms of the Superior Court, which seems to be contemplated by the Constitution, in saying that there must be at least two terms held in each county every year, we see nothing in the Constitution requiring that these extra terms should have a grand jury. Acts 1899, chap. 593, provides two terms—spring and fall terms—for Catawba County, which have grand juries, and it provides an extra term to be held in November without a grand jury, and we see no constitutional reason why this may not be done.

Nor do we think the other contention made by the State can be sustained. The closing sentence of section 2 of the act is as follows: "And there shall be tried all civil cases pending and only such criminal cases as the defendants are in jail, or in custody." The State contends that the intention of the Legislature was that all criminals in jail, or in custody, should be tried at these extra terms of the Court; that defendant was in jail, and should be tried; that this could not be done without a true bill found, and this could only be found by a grand jury. The act is loosely drawn, and gives rise to this very ingenious argument. We

find that chap. 180 of the Laws of 1885, and other acts making similar provisions to Acts 1899, chap. 593, are more accurately drawn, and provide for the trial of civil cases only, "except jail cases on the criminal docket, where a true bill has been found." Had this act used this language, there would have been no ground for this contention of the State. But the act, in plain terms, says there shall be no grand jury. This seems to be the controlling idea of this legislation, and we must construe the act to mean what is expressed in the other acts we have examined—that this extra term shall only try in cases "where there has been a true bill found." Putting this construction upon the act, the judgment appealed from must be affirmed.

Affirmed.

CLARK, J., concurs in the result.